UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| John Neison, IV,<br><br>    Plaintiff<br>v.<br><br>Commonwealth Financial Systems, Inc. and Northeast Credit and Collections, Inc.,<br><br>    Defendants. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

2. Subject Matter Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here in Pennsylvania.

## PARTIES

5. Plaintiff, John Neison, IV, is a natural person who resides in the Town of Barto, County of Berks, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Commonwealth Financial Systems, Inc. (hereinafter "Defendant Commonwealth"), is a Pennsylvania corporation with its principal executive headquarters located at 120 North Keyser Avenue, Scranton, Pennsylvania 18504.

7. At all times relevant to this Complaint, Defendant, Commonwealth transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant, Northeast Credit & Collections, Inc. (hereinafter "Defendant Northeast"), is a Pennsylvania corporation with its principal executive headquarters located at 120 north Keyser Avenue, Scranton, Pennsylvania 18504.

9. At all times relevant to this Complaint, Defendant, Northeast transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States,

operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff John Neison, IV, allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely, a credit card debt, which Plaintiff used for personal, family, and household goods and services.

11. Plaintiff John Neison, IV, allegedly became delinquent on said account and unable to make his monthly payments due to circumstances beyond his control.

12. In or around 2005, Plaintiff John Neison, IV's, account was assigned, sold or otherwise transferred to Defendants, Commonwealth and Northeast for collection.

13. In or around 2005, Defendants began contacting Plaintiff Neison IV in an attempt to coerce payment of the debt.

14. On or around September 7, 2006, Plaintiff along with John Neison, III and Cheryl Neison filed a complaint in the United States District Court for the Eastern District of Pennsylvania, indexed as case number CV-06-3981, against Defendants alleging violations of the FDCPA.

15. Within the complaint Plaintiff alleged that Defendants utilized abusive, harassing, false and deceptive means in connection with the collection of a consumer debt.

16. In lieu of expending extensive time and resources in litigating the matter, both Plaintiff and Defendants agreed to voluntarily enter into a written agreement titled "Mutual Release," whereby the parties agreed to resolve their disputes, and Plaintiff agreed to release Defendants from any liability they may incur for valuable consideration.

17. Within the agreement, Defendants agreed to release and forever discharge Plaintiff from any liability that he may have had or has to Citibank-Verizon Gold for account number xxxx-xxxx-xxxx-7840, also referenced as Commonwealth Financial Systems, Inc. or Northeast Credit and Collections account number 2149935, in the amount of $7,382,78.

18. Defendants further agreed to contact any and all credit reporting agencies reporting derogatory credit information regarding the aforementioned account and request that the derogatory information be deleted immediately.

19. A review of Plaintiff's credit report conducted on February 13, 2009, revealed that Defendants continued to report adverse credit information on Plaintiff's credit report regarding the above referenced Citibank-Verizon Gold account, indicating a past due amount of $7,798.00.

20. Defendants' conduct of continuing to report negative credit information regarding the Plaintiff, despite having entered into a written agreement with Plaintiff, in which they agreed to release Plaintiff from any liability he may have had regarding the above-referenced account, in exchange for Plaintiff's promise to release Defendants from any liability they may have incurred under the FDCPA is in violation the numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(8), 1692e(10), 1692f and 1692f(1) amongst others.

21. In addition to reporting negative credit information Plaintiff's credit report, Defendants, in an attempt collect a debt, placed several calls to Plaintiff's cell phone and home phone.

22. Defendants actions in continuing to attempt to collect a debt from Plaintiff after they knowingly and voluntarily signed an agreement titled "Mutual Release," in which they released Plaintiff from any liability he may incur from the above referenced account is in

Release," in which they released Plaintiff from any liability he may incur from the above referenced account is in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. 1692d, 1692e, 1692e(10), 1692f and 1692f(1) amongst others.

23. As a direct and proximate result of Defendants' illegal collection tactics of communicating false and deceptive credit information, failing to report the debt as paid in full, and continuing to attempt to collect a cancelled debt, Plaintiff has sustained actual damages in the form of extreme stress, fear, humiliation, embarrassment, and damage to his personal credit rating, resulting in denial of credit and increased cost of credit.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

27. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

### 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

30. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

31. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

32. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

   (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   (b) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

   (c) Communicating to any person credit information which is known or which should be known to be false;

    (d) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

    (e) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt; and

    (f) Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

33. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiffs to pay the debt.

34. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling him to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT III.

### BREACH OF CONTRACT

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Plaintiff's breach of contract claim arises out of the same transaction or occurrence, which gave rise to Plaintiff's FDCPA claim.

37. Defendants knowingly and voluntarily entered into a written agreement with Plaintiff titled "Mutual Release."

38. Pursuant to the parties agreement Defendants agreed to release Plaintiff from any liability he may have had or has to Citibank-Verizon Gold for account number xxxx-xxxx-xxxx-

7840 also referenced as Commonwealth Financial Systems, Inc. or Northeast Credit and Collections account number 2149935, in the amount of $7,382.78.

39. Defendants also agreed to contact any and all credit reporting agencies reporting derogatory credit reporting information regarding the aforementioned account and request that the derogatory information be deleted immediately.

40. In return for releasing Plaintiff from liability for the above referenced account and removing all derogatory credit information, Plaintiff agreed to release Defendants from any liability they may incur under the FDCPA.

41. Defendants have failed to remove derogatory credit information regarding the above referenced account from Plaintiff's credit report, in breach of contract.

42. Defendants have failed to release/discharge Plaintiff from any liability he may have incurred with regards to the above referenced matter, as they continue to attempt to collect the alleged debt.

43. As a result of such breach of contract, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;
- for an order be entered enjoining the defendants from continuing to communicate with Plaintiffs' in violation of the FCEUA and the UTPCPL;
- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;
- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;
- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a).

## COUNT III.

## BREACH OF CONTRACT

- For order declaring that Defendants' actions as described above are in breach of contract;

- for an award of actual damages resulting from Defendants' breach of contract;

- for an award of costs of litigation and reasonable attorney's fees.

Respectfully submitted,

Dated: February 23, 2009

**RAPA LAW OFFICE, P.C.**

By: _____s/JR1052_____
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
Matthew J. Rapa, Esquire
PA Attorney I.D. No. 208946
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, John Neison, IV, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
John Neison, IV